UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| US GHOST ADVENTURES, LLC, *et al.* | ) ) ) |
| Plaintiffs | ) |
| vs. | ) Case Number: 1:26-cv-0550 SAG |
| | ) |
| TOURS & CRAWLS, LLC, *et al.* | ) |
| | ) |
| Defendants | ) |

**ANSWER OF DEFENDANTS TOURS & CRAWLS,
LLC AND MIKE CARTER TO PLAINTIFFS'
COMPLAINT AND JURY DEMAND**

COME NOW the Defendants, Tours & Crawls, LLC and Mike Carter, by and through their attorneys, Paul J. Havenstein, Esquire and McCarthy Wilson LLP, and for their Answer to Plaintiffs' Complaint, state as follows:

**NATURE OF THE ACTION**

1.      Paragraph 1 of the Complaint is a statement of the nature of the action to which no response is required.

**THE PARTIES**

2.      The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 2 of the Complaint.

3.      The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 3 of the Complaint.

4.      Admitted.

5.      Denied.

## JURISDICTION AND VENUE

6.     Paragraph 6 of the Complaint is a statement of subject matter jurisdiction to which no response is required.

7.     Denied.

8.     Denied.

## STATEMENT OF FACTS

USGA's Trademark/Service mark Rights

9.     Denied.

10.    Denied.

11.    The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 11 of the Complaint.

12.    The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 12 of the Complaint.

13.    Denied.

14.    Denied.

15.    Denied

16.    Denied

17.    Denied

18.    Denied

19.    Denied

20.    Denied as to the term "infringing," otherwise admitted.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Admitted as to the quoted statement, denied as to the remainder.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Admitted.

30.    Denied as to the phrase "to further emulate," otherwise admitted.

31.    Denied.

32.    Admitted.

33.    Denied.

34.    Denied.

35.    Admitted.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied as to the term "infringing;" admitted as to the quotes.

42.    Denied as to statements being "false and defamatory," admitted as to the quote.

43.    Admitted.

44.    Admitted as to the quoted statement, denied as to the remainder.

45.    Denied.

46.    Denied.

47.    Admitted as to the quoted statement, denied as to the remainder.

48.    Denied.

49.    Paragraph 49 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

50.    Paragraph 50 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

51.    Denied.

52.    Denied.

53.    Admitted as to the quoted statement, denied as to the remainder.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Admitted.

58.    Denied.

59.     The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 59 of the Complaint.

60.     The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 60 of the Complaint.

61.     The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 61 of the Complaint.

62.     The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 62 of the Complaint.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Admitted as to the quoted statement, denied as to the remainder.

67.     Admitted as to the quoted statement, denied as to the remainder.

68.     Denied.

69.     The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 69 of the Complaint.

70.     The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 70 of the Complaint.

71.     Denied.

72.     Denied.

73.     Admitted.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

74. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 74 of the Complaint.

75. Admitted.

76. Admitted.

77. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 77 of the Complaint.

78. Denied.

79. Denied.

80. Denied.

81. Admitted.

82. Denied.

## CAUSES OF ACTION

### COUNT I
### REGISTERED SERVICE MARK INFRINGEMENT
**(Against Defendants)**
**(15 U.S.C. Section 1114)**

83. Paragraph 83 of the Complaint simply incorporates prior paragraphs. To the extent that a response is required, the Defendants answer in the same manner as above.

84. Denied.

85. Paragraph 85 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

86. Denied.

LAW OFFICES
McCARTHY WILSON LLP
A LIMITED LIABILITY PARTNERSHIP
WWW.MCWILSON.COM

87.    Paragraph 87 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

88.    Paragraph 88 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

89.    Paragraph 89 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

90.    Paragraph 90 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

91.    Paragraph 91 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

92.    Paragraph 92 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

93.    Paragraph 93 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

94.    Denied.

95.    Paragraph 95 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

96.    Paragraph 96 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

97.    Denied.

98.    Denied.

LAW OFFICES

McCARTHY WILSON LLP

A LIMITED LIABILITY PARTNERSHIP

WWW.MCWILSON.COM

99.     Denied.

100.    Paragraph 100 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT II
## CYBERSQUATTING
**(Against Defendants)**
**(15 U.S.C. Section 1125(d))**

101.    Paragraph 101 of the Complaint simply incorporates prior paragraphs. To the extent that a response is required, the Defendants answer in the same manner as above.

102.    Paragraph 102 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

103.    Denied.

104.    Paragraph 104 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT III

## TRADEMARK AND SERVICE MARK INFRINGEMENT/
## UNFAIR COMPETITION
**(Against Defendants)**
**(Virginia Common Law)**

105.    Paragraph 105 of the Complaint simply incorporates prior paragraphs. To the extent that a response is required, the Defendants answer in the same manner as above.

106.    The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 106 of the Complaint.

107.    Paragraph 107 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

108.    Paragraph 108 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

109.    Denied.

110.    Paragraph 110 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT IV
## TRADEMARK AND SERVICE MARK INFRINGEMENT/ UNFAIR COMPETITION
### (Against Defendants)
### (Maryland Common Law)

111.    Paragraph 111 of the Complaint simply incorporates prior paragraphs. To the extent that a response is required, the Defendants answer in the same manner as above.

112.    The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 112 of the Complaint.

113.    Paragraph 113 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

114.    Paragraph 114 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

LAW OFFICES

McCARTHY WILSON LLP

A LIMITED LIABILITY PARTNERSHIP

WWW.MCWILSON.COM

9

115.    Denied.

116.    Paragraph 116 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT V
## FALSE ADVERTISING
### (Against Defendants)
### (15 U.S.C. Section 1125(a))

117.    Paragraph 117 of the Complaint simply incorporates prior paragraphs. To the extent that a response is required, the Defendants answer in the same manner as above.

118.    Paragraph 118 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

119.    Paragraph 119 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

120.    Paragraph 120 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

121.    Paragraph 121 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

122.    Denied.

123.    Paragraph 123 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT VI
## FALSE ADVERTISING
### (Against Defendants)

LAW OFFICES

McCARTHY WILSON LLP

A LIMITED LIABILITY PARTNERSHIP

WWW.MCWILSON.COM

**(Va. Code Subsection 18.2-216 and 59.1-68.3)**

124.   Paragraph 124 of the Complaint simply incorporates prior paragraphs. To the extent that a response is required, the Defendants answer in the same manner as above.

125.   Paragraph 125 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

126.   Paragraph 126 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

127.   Denied.

128.   Denied.

129.   Denied as to the term "infringing."

130.   Paragraph 130 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

131.   Paragraph 131 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT VII
### DEFAMATION
**(Against Defendants)**

132.   Paragraph 132 of the Complaint simply incorporates prior paragraphs. To the extent that a response is required, the Defendants answer in the same manner as above.

133.   Denied.

LAW OFFICES

McCARTHY WILSON LLP

A LIMITED LIABILITY PARTNERSHIP

WWW.MCWILSON.COM

134.   Denied as to the statements being "untrue and defamatory."

135.   Denied.

136.   Denied.

137.   Paragraph 137 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

138.   Paragraph 138 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

139.   Paragraph 139 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT VIII
## FALSE LIGHT
### (Against Defendants)
### (Maryland Common Law)

140.   Paragraph 140 of the Complaint simply incorporates prior paragraphs. To the extent that a response is required, the Defendants answer in the same manner as above.

141.   Denied.

142.   Denied as to the statements being "untrue and defamatory."

143.   Denied.

144.   Denied.

145.   Paragraph 145 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

146.   Denied.

LAW OFFICES

McCARTHY WILSON LLP

A LIMITED LIABILITY PARTNERSHIP

WWW.MCWILSON.COM

147. Paragraph 147 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT IX
## TORTIOUS INTERFERENCE
### (Against Defendants)
### (Common Law)

148. Paragraph 148 of the Complaint simply incorporates prior paragraphs. To the extent that a response is required, the Defendants answer in the same manner as above.

149. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 149 of the Complaint.

150. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 150 of the Complaint.

151. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 151 of the Complaint.

152. Denied.

153. Denied.

154. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 154 of the Complaint.

155. Paragraph 155 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

156. Paragraph 156 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

LAW OFFICES

McCARTHY WILSON LLP

A LIMITED LIABILITY PARTNERSHIP

WWW.MCWILSON.COM

13

157.    Denied.

158.    Paragraph 158 of the Complaint is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

## DEFENSES

1.    Unless expressly admitted above, all allegations and requests for relief in the Plaintiffs' Complaint are hereby denied, and the Defendants demand strict proof of all elements of liability and damages for each count alleged.

2.    All or some of the counts in the Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

3.    To the extent that the Plaintiffs' counts rely upon Virginia law, they fail to state a claim upon which relief may be granted in this action.

4.    The Complaint fails to name necessary parties, including the owner of the trademark and/or service mark.

5.    The Plaintiffs do not own a valid trademark and/or service mark relative to this case.

6.    The Plaintiffs lack standing to bring the claims in this action.

7.    The Defendants did not use the "USA Ghost Adventures" trademark and/or service mark in commerce.

8.    The Defendants did not act in bad faith or with intent to profit from the use of the trademark and/or service mark.

9.      The use of the trademark and/or service mark was not likely to cause consumer confusion.

10.     The statements relating to the trademark and/or service mark constituted fair use.

11.     The use of the trademark and/or service mark was protected First Amendment speech.

12.     The use of the trademark and/or service mark was fair comparative advertising.

13.     The statements made by the Defendants were substantially true.

14.     The statements made by the Defendants were opinion.

15.     The statements made by the Defendants were made in good faith.

16.     The statements made by the Defendants were of public interest.

17.     The Plaintiffs' legal claims may be barred or limited by the applicable statute of limitations.

18.     The Plaintiffs' equitable claims may be barred or limited by laches.

19.     The Plaintiffs' claims may be barred by waiver.

20.     The Plaintiffs' claims may be barred by Plaintiffs' illegal, deceptive, or unethical conduct.

21.     The Defendants reserve the right to supplement and/or amend this Answer and these Defenses as further investigation and discovery may reveal new or different facts.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs' Complaint having been answered, the Defendants respectfully request judgment in their favor on all counts in the Plaintiffs' Complaint, plus an award of all applicable costs, expenses, and attorney fees, and any other relief this Court deems just and appropriate.

Respectfully submitted,

McCARTHY WILSON LLP

By:  */s/ Paul J. Havenstein*
Paul J. Havenstein, Esquire  #19878
2200 Research Boulevard
Suite 500
Rockville, MD  20850
(301) 762-7770 (o)
(301) 926-7444 (f)
havensteinp@mcwilson.com
*Attorneys for Defendants, Tours & Crawls, LLC and Mike Carter*

## JURY DEMAND

Defendants, Tours & Crawls, LLC and Mike Carter, by their counsel, Paul J. Havenstein, Esquire and McCarthy Wilson LLP, demand a trial by jury on all issues herein.

*/s/ Paul J. Havenstein*
Paul J. Havenstein, Esquire  #19878

LAW OFFICES

McCARTHY WILSON LLP

A LIMITED LIABILITY PARTNERSHIP

WWW.MCWILSON.COM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer of Defendants Tours & Crawls, LLC and Mike Carter to Plaintiffs' Complaint and Jury Demand was filed and served through this Court's E-filing system on this 26ᵗʰ day of June, 2026 on all counsel of record.

/s/ Paul J. Havenstein
Paul J. Havenstein, Esquire  #19878